# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-3803

_____

| | |
|---|---|
| Doug Haren, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Conrad Cooperative, 42-0193879, | * |
| | * |
| Appellee. | * |

------------------------------------------

| | |
|---|---|
| Kenneth P. Sievers, | * |
| | * |
| Appellant, | * |
| | * Appeals from the United States |
| v. | * District Court for the |
| | * Northern District of Iowa. |
| Lincoln Cooperative Company, | * |
| Lincoln, Iowa, an Iowa Cooperative, | * |
| PIN #42-0242590, | * |
| | * |
| Appellee. | * |

------------------------------------------

| | |
|---|---|
| Ed Griffin, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Farmers Cooperative Elevator, of | * |
| Buffalo Center, IA, | * |
| | * |

                    Appellee.                    *
----------------------------------------
Laurie Currie, John Currie,                      *
                                                 *
                    Appellants,                  *
                                                 *
          v.                                     *
                                                 *
Farmers Coop. Co., Farmers                       *
Cooperative Co., Farnhamville,                   *
Iowa,                                            *
                                                 *
                    Appellee.                    *


                        _____


                Submitted:  May 10, 1999

                Filed:   December 15, 1999
                        _____


Before MCMILLIAN, HEANEY, and JOHN R. GIBSON, Circuit Judges.
                        _____


HEANEY, Circuit Judge.

       Like Grain Land Coop v. Obermeyer, Nos. 98-3217 & 98-3304, this case
requires us to consider the application of the Commodity Exchange Act (CEA), 7
U.S.C. §§ 1-25 (1999), to certain Hedge-to-Arrive contracts, or HTAs.  Doug Haren,
Kenneth P. Sievers, Ed Griffin, and Laurie Currie and John Currie (the Curries) are
Iowa farmers who entered into HTAs with four Iowa grain elevators.  The contracts
signed by the farmers differed slightly from those signed by Obermeyer, in that the
HTA documents themselves did not explicitly contemplate a right to roll the delivery
obligation.  Although it is a matter of some dispute, the farmers claim to have
negotiated for and obtained the right to unlimited rolling from the elevators.  In

substance, then, the contracts signed by Haren, Sievers, Griffin, and the Curries were identical to the Grain Land contracts.

As in Grain Land, due to the unprecedented steady rise in corn prices, the farmers elected to sell their grain for the better price offered by the cash markets and rolled their delivery obligations. As a result of the rising market, the elevators paid hefty margin calls and the farmers' HTA prices dropped accordingly. During the 1996 crop year, each farmer received a letter from the elevator with which they had entered into the HTAs either terminating or severely restricting their ability to roll their delivery obligations, or demanding assurances that the farmers would deliver grain as provided in their HTA contracts and cover all margin and commission costs. Soon after, Haren, Griffin, and Sievers were sued by their respective elevators in state court.

In late 1996 and early 1997, the farmers filed individual actions against the elevators in the district court, seeking, inter alia, a declaration that the contracts were illegal off-market futures contracts and therefore void. The farmers also alleged fraud under the CEA, and brought a number of state law claims against the elevators. The elevators moved for summary judgment, contending the HTAs were exempted from Commodity Futures Trading Commission regulation by the CEA's cash-forward exception. In October 1998, the court issued a brief joint order granting the elevators summary judgment on the farmers' CEA claims. Citing Johnson v. Land O' Lakes, Inc., 18 F. Supp.2d 985 (N.D. Iowa 1998), Barz v. Geneva Elevator Co., 12 F. Supp.2d 943 (N.D. Iowa 1998), and Oeltjenbrun v. CSA Investors, Inc., 3 F. Supp.2d 1024 (N.D. Iowa 1998)–prior opinions in which it had concluded that HTAs are valid cash forward contracts not within the regulatory purview of the CEA–the court concluded there was nothing about the contracts entered into by Haren, Griffin, Sievers, and the Curries that compelled a different conclusion. The court also declined to exercise supplemental jurisdiction over the farmers' state law claims, which it dismissed. Haren, Griffin, Sievers, and the Curries appeal.

In light of our Grain Land decision, we believe the district court correctly determined the HTAs were not subject to regulation under the CEA. We acknowledge the novelty of appellants' argument that we should engraft the Uniform Commercial Code's definition of "sale" onto the CEA's cash-forward exception. However, we believe this would constitute an unwarranted expansion of the CEA's regulatory reach, unjustified by logic and discordant with our reading of the congressional policies underlying the CEA. See Edward M. Mansfield, Textualism Gone Astray: A Reply to Norris, Davison, and May on Hedge to Arrive Contracts, 47 Drake L. Rev. 745, 748-52 (1999). We believe appellants' argument that the cash-forward exception should be interpreted by looking to the Internal Revenue Code is similarly flawed. Nor are we convinced that factual differences compel a result different than that in Grain Land. In particular, we note that although the Curries may have lacked a subjective intent to deliver corn, they are unequivocally required to do so by the HTAs. As we observed in Grain Land, while an obligation to deliver is not necessary to place a contract within the cash-forward exception, it is sufficient. See Grain Land, Nos. 98-3217 & 98-3304, slip op. at 20-21 (8th Cir. ___).

The judgments of the district court are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-